IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES RHEA COOLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-20-1152-HE |
| ) | |
| S.R. GRANT, Warden, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Petitioner James Rhea Cooley, a federal prisoner appearing *pro se*, filed a petition seeking relief pursuant to 28 U.S.C. § 2241.  Petitioner alleges that 45 days of earned time credits have not been properly applied to his sentence.  The matter was referred to Magistrate Judge Amanda Maxfield Green for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) & (C).  Upon initial screening of the petition, Judge Green issued a Report and Recommendation recommending that the petition be dismissed without prejudice for failure to exhaust administrative remedies.  Petitioner has objected to the Report which triggers *de novo* review.

Petitioner argues that exhaustion of the administrative process would be futile for following reasons: (1) an inability to exhaust because the Bureau of Prisons ("BOP") has not issued or posted any program statement, regulations, or directives; (2) a procedural bar exists preventing exhaustion; (3) the administrative process should not apply when a prisoner's liberty is in question; (4) BOP officials "refuse, intimidate, and retaliate against any inmate using or attempting to use the process"; and (5) that he would be prejudiced by the dismissal of the petition.

None of petitioner's arguments are persuasive. Petitioner generally reargues what he stated in his petition and makes conclusory statements about the BOP and the administrative process. Further, the court notes petitioner's own filings in CR-18-0213, wherein he has filed a motion pursuant to the First Step Act. There, petitioner stated that he submitted a request for earned time credits to be granted under the First Step Act on or about October 17, 2020. Doc. #24-1, CR-18-0213. The request was denied on October 20, 2020. *Id.* That petitioner did not elect to continue to exhaust his administrative remedies in the BOP does not now make exhaustion futile. *See* Samples v. Wiley, 349 Fed. Appx. 267, 269-70 (10th Cir. 2009) (Exhaustion is not futile even when the petitioner contends that BOP procedures would not have been completed by his release date. "Sample's decision to put off engaging the BOP administrative process, and any delay or alleged futility that decision created, does not excuse his failure to exhaust his administrative remedies.").

Accordingly, after *de novo* review, the Report and Recommendation [Doc. #6] is **ADOPTED**. The petition is dismissed without prejudice. Petitioner's motions to proceed *in forma pauperis* [Doc. #2] and to appoint counsel [Doc. #3] are **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 17th day of December, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE